```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JANAA WARREN,

                Plaintiff,          21-CV-8140 (BCM)

        -against-            **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Janaa Warren filed this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. The case is before me for all purposes pursuant to 28 U.S.C. § 636(c). The Court carefully reviewed the record, the briefs, and applicable law, heard oral argument on March 20, 2023, announced its decision on the record at the conclusion of the argument (the Oral Decision), and directed the parties to order a copy of the transcript and split the costs.

    For the reasons detailed in the Oral Decision, the Court has determined that the Administrative Law Judge (ALJ) failed adequately to develop the record; failed to identify all of plaintiff's medically-determinable impairments at step two of the mandated five-step analysis and consider whether they are severe; failed to properly evaluate the medical opinion evidence in the record, in part due to the ALJ's non-trivial factual errors in reading the record; and failed to consider whether plaintiff's impairments would cause her to be absent or off-task beyond the limits of competitive employment. The Court has further determined that these errors are not harmless and require remand. Consequently, plaintiff's motion for judgment on the pleadings (Dkt. 25) is GRANTED, the Commissioner's cross-motion for judgment on the pleadings (Dkt. 29) is

DENIED, and the case is REMANDED, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the Oral Decision.

On remand, the ALJ should: (1) make reasonable efforts to obtain treating notes and, if possible, a medical source statement from Dr. Diuguid, *see* 20 C.F.R § 416.912(b)(1)(i); (2) consider all of plaintiff's alleged impairments at step two, including scoliosis, migraines, ovarian cysts, and depression, *see* 20 C.F.R. § 416.920(c); (3) consider all of plaintiff's medically determinable impairments in formulating her residual functional capacity, including non-severe impairments, *see* 20 C.F.R. §§ 416.923, 416.945(a)(2); (4) reconsider the persuasiveness of the opinions of Dr. Bobis and Dr. Balmaceda (each of them properly attributed to its actual author) in light of the expanded record, and discuss the supportability and consistency factors in nonconclusory terms, with reference to specific evidence in the record, *see* 20 C.F.R. §§ 416.920c(b)(2), 416.920c(c)(1)-(5); (5) in light of the episodic nature of plaintiff's severe impairments, consider the third and fourth regulatory factors relevant to persuasiveness, *see* 20 C.F.R. § 416.920c(c)(3)-(4); and (6) expressly consider the extent to which plaintiff's seizure disorder and other impairments, combined with the side effects of her medications, would cause her to be absent from work or off task. *See* 20 C.F.R. § 416.929(c)(3)(iv).

The Clerk of the Court is respectfully directed to close the case.

Dated: New York, New York
       March 20, 2023                                  SO ORDERED.

                                                       _____
                                                       **BARBARA MOSES**
                                                       **United States Magistrate Judge**