**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JANAA WARREN,

                Plaintiff,                21 **CIVIL** 8140 (BCM)

    -v-                                            **JUDGMENT**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Order dated March 20, 2023, the Court has determined that the Administrative Law Judge (ALJ) failed adequately to develop the record; failed to identify all of plaintiff's medically-determinable impairments at step two of the mandated five-step analysis and consider whether they are severe; failed to properly evaluate the medical opinion evidence in the record, in part due to the ALJ's non-trivial factual errors in reading the record; and failed to consider whether plaintiff's impairments would cause her to be absent or off-task beyond the limits of competitive employment. The Court has further determined that these errors are not harmless and require remand. Consequently, plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's cross-motion for judgment on the pleadings is DENIED, and the case is REMANDED, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the Oral Decision. On remand, the ALJ should: (1) make reasonable efforts to obtain treating notes and, if possible, a medical source statement from Dr. Diuguid, see 20 C.F.R § 416.912(b)(1)(i); (2) consider all of plaintiff's alleged impairments at step two, including scoliosis, migraines, ovarian cysts, and depression, see 20 C.F.R. § 416.920(c); (3) consider all of plaintiff's medically determinable impairments in formulating her residual functional capacity,

including non-severe impairments, see 20 C.F.R. §§ 416.923, 416.945(a)(2); (4) reconsider the persuasiveness of the opinions of Dr. Bobis and Dr. Balmaceda (each of them properly attributed to its actual author) in light of the expanded record, and discuss the supportability and consistency factors in nonconclusory terms, with reference to specific evidence in the record, see 20 C.F.R. §§ 416.920c(b)(2), 416.920c(c)(1)-(5); (5) in light of the episodic nature of plaintiff's severe impairments, consider the third and fourth regulatory factors relevant to persuasiveness, see 20 C.F.R. § 416.920c(c)(3)-(4); and (6) expressly consider the extent to which plaintiff's seizure disorder and other impairments, combined with the side effects of her medications, would cause her to be absent from work or off task. See 20 C.F.R. § 416.929(c)(3)(iv).

**Dated:**  New York, New York
March 21, 2023

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**